UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDNA GUFFEY MCCOY,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARTY TALBERT, HOWARD COUNTY SHERIFF; HAROLD VINCENT, HOWARD COUNTY JAIL COMMANDER,<br><br>    Defendants. | 1:05-cv-1643-JDT-WTL |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT (DOC. NO. 14)**[1]

Plaintiff Edna Guffey McCoy sued Defendants Marty Talbert, the Howard County Sheriff, and Harold Vincent, the Harold County Jail Commander, under 42 U.S.C. § 1983, alleging a violation of her constitutional rights under the Fourteenth Amendment. She claims that her jail visitation privileges were wrongfully suspended by Defendants. Defendants have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The time for filing a response has passed and Plaintiff has not responded to the motion which is now ripe for summary ruling. It seems that Plaintiff did not respond because she had nothing to rebut Defendants' factual assertions.

**I.    Statement of Facts**

These facts are taken from the Defendants' summary judgment submission as

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

supported by citation to appropriate evidentiary materials.  The Plaintiff's failure to respond to that submission, in combination with the effect of Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1(e) of this court, allows the court to take these facts as stated by the Defendant to be admitted to exist without controversy.

The Howard County Jail ("jail") sets forth clear limits on visitation: "DUE TO THE EXCESSIVE NUMBER OF INMATES, VISITATION IS NOT GUARANTEED."  (Howard County Criminal Justice Center Information Brochure, Capt. Harold Vincent Aff., Ex. A (emphasis in original).)  The policy also limits visitors' attire: "No halter-tops, swimwear, or bare mid-riff tops are allowed.  Shoes and shirts must be worn at all times."  (*Id.*) Subject to these and other limitations, inmates in Unit 3B may see visitors on Saturdays from 8:15 p.m. to 9:45 p.m. and on Sundays from 8:45 a.m. to 10:00 a.m.  (*Id.*)  Mrs. McCoy's husband, Russell McCoy, was incarcerated at the facility in Unit 3B.

On Saturday, April 30, 2005, Mrs. McCoy visited her husband.  She had to leave the jail because she violated the jail's dress policy.

Mrs. McCoy again visited her husband in jail on Sunday May 1, 2005, in a low-cut shirt.  Upon her arrival, Corporal Keeley notified her that her shirt was inappropriately low-cut and she needed to cover it up in order to visit her husband.  Mrs. McCoy complied by zipping up her jacket.  Corporal Keeley told Officers Anita King and Wendy Ice, who were monitoring visitation, to make sure Mrs. McCoy kept her jacket zipped up.  After Mrs. McCoy began visiting with her husband, she unzipped her jacket and exposed her chest to him.  Officers King and Ice noticed this and informed Mr.

McCoy that his wife's tank top was inappropriate and she needed to zip up her jacket. She did, but then, as the officers walked away, Mrs. McCoy again unzipped her jacket. When Mrs. McCoy stood up to leave visitation, she zipped up her jacket.

As a result of Mrs. McCoy's repeated refusal to comply with the jail's dress policy and the officers' instructions, Corporal Keeley informed her that she would not be able to visit her husband for ninety days. The Jail Commander, Harold R. Vincent, suspended Mrs. McCoy's visitation privileges until August 1, 2005, by letter dated May 2, 2005. Mrs. McCoy contends that the decision to suspend her visitation privileges is a violation of her rights.

**II.     Analysis**

The federal summary judgment standard has been fully analyzed, especially since the Supreme Court directed clarity in the understanding of this concept in 1986. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The absence of any opposition to the Defendant's factual presentation essentially dooms the Plaintiff's suit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Mrs. McCoy's complaint presumes that she possesses a constitutional right to visit her incarcerated husband. The Fourteenth Amendment provides no right to visit an incarcerated person. *See Mayo v. Lane*, 867 F.2d 374, 375 (7th Cir. 1989). As Judge

Flaum said, "The right to visit a prison is not the kind of fundamental interest protected by the due process clause." *Id.* at 379 (Flaum, J., concurring). And Mrs. McCoy has not pointed to any state law that might create a liberty interest in visiting a jail inmate protected by the Fourteenth Amendment. (The right to visitation, if any, is the inmate's, not the visitor's. *See* Ind. Code § 11-11-3-8; 210 IAC 3-1-15(i).) Therefore, Defendants are entitled to judgment as a matter of law.

### III.   Conclusion

For the reasons stated, the Defendant's Motion for Summary Judgment (Document No. 14) will be **granted** and judgment will be duly entered.

ALL OF WHICH IS ENTERED this 10th day of October 2006.

John Daniel Tinder, Judge
United States District Court

Copies to:

Douglas B. Bates
Stites & Harbison, LLP
dbates@stites.com

Dan J. May
May Law Office
danjmayattorney@sbcglobal.net